# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

AMERICAN EXPRESS
NATIONAL BANK,

        Plaintiff,

  v.

SAMUEL D. WILLIAMS, *et al.*,

        Defendant.

:

:

:

Case No. 2:26-cv-00005
Chief Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## ORDER

American Express National Bank filed suit against Samuel D. Williams and Strategic Auto Parts LLC in state court, seeking to collect an unpaid credit card balance. (ECF No. 1-1.) Proceeding *pro se*, Mr. Williams first attempted to remove this case on August 14, 2025; the Court remanded the case for lack of subject matter jurisdiction on November 4, 2025. *See Am. Express Nat'l Bank v. Williams, et al.*, No. 2:25-cv-00916 (S.D. Ohio) (Watson, J.) (ECF No. 13). Less than a month later, he attempted to remove this case for a second time; the Court again remanded the case and warned him that further attempts to improperly remove a case may result in sanctions including a vexatious litigator designation. *See Am. Express Nat'l Bank v. Williams, et al.*, No. 2:25-cv-01411 (S.D. Ohio) (Morrison, C. J.) (ECF No. 6).

This matter is now before the Court on Mr. Williams' third notice of removal. (ECF No. 1.) Also pending are his requests for recusal of the Undersigned and to proceed *in forma pauperis*. (ECF Nos. 3, 6.)

I.  **RECUSAL REQUEST**

Mr. Williams requests that the Undersigned recuse for "the appearance of partiality or impropriety" under 28 U.S.C. § 455(a) and for "actual bias, prejudice, or personal knowledge of disputed facts" under § 455(b)(1).

A judge's opinions are grounds for recusal only where they "derive[ ] from an extrajudicial source" or "they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555, (1994). Mere disagreement about the Court's ruling in a case is not a ground for disqualification or recusal. *See id.* at 555–56; *Garver v. United States*, 846 F.2d 1029, 1031 (6th Cir. 1988).

Mr. Williams primarily takes issue with the Court's decision to remand this case "within 24 hours" of his filing his second notice of removal. (ECF No. 3, PAGEID # 83.) In its Dec. 5, 2025 Order remanding this case for a second time, the Court found that Mr. Williams' second notice of removal failed to cure the jurisdictional deficiencies in his first notice of removal. *Am. Express Nat'l Bank*, No. 2:25-cv-01411 (ECF No. 6). The fact that the deficiencies in Mr. Williams' second notice of removal were immediately obvious to the Court does not demonstrate any bias or partiality sufficient to require recusal.

II.  **THIRD NOTICE OF REMOVAL**

As the Court explained in its prior remand Orders, this case cannot be removed on the basis of federal question jurisdiction because AENB's Complaint includes only two breach-of-contract claims under Ohio law, and it cannot be removed on the basis of diversity jurisdiction because both Mr. Williams and

2

Strategic Auto Parts are Ohio citizens. *See Am. Express Nat'l Bank*, No. 2:25-cv-00916 (ECF No. 13); *Am. Express Nat'l Bank*, No. 2:25-cv-01411 (ECF No. 6).

In his latest notice of removal, Mr. Williams states that AENB's original complaint was styled as "AMERICAN EXPRESS NATIONAL BANK, c/o ZWICKER & ASSOCIATES, P.C." and argues that the recent substitution of the Glennon Law Firm for Zwicker as AENB's counsel in the state court thus "makes it facially clear that a federally regulated national bank is now the Plaintiff of record, standing alone." (ECF No. 1, PAGEID # 6.) But the fact that AENB is a national bank does not by itself justify removal. Mr. Williams has thus again failed to cure the jurisdictional deficiencies that the Court identified in his prior notices of removal.

### III. VEXATIOUS LITIGATOR DESIGNATION

"Federal courts have recognized their own inherent power and constitutional obligation to protect themselves from conduct that impedes their ability to perform their Article III functions and to prevent litigants from encroaching on judicial resources that are legitimately needed by others." *Johnson v. Univ. Hous.*, No. 2:06-cv-628, 2007 WL 4303728, at *12 (S.D. Ohio Dec. 10, 2007) (Holschuh, J.) (citation omitted). The Sixth Circuit has upheld the imposition of prefiling restrictions on vexatious litigators. *Id.* (collecting cases).

Mr. Williams failed to heed the Court's warning that further attempts to improperly remove a case to the Court may result in a vexatious litigator designation. Based on his recognized history of improperly removing cases to this Court, Mr. Williams is **DEEMED A VEXATIOUS LITIGATOR** and **ENJOINED**

3

from filing any new complaints or notices of removal without either (i) submitting a statement from an attorney licensed to practice in this Court or the State of Ohio certifying that the complaint or notice of removal is non-frivolous, or (ii) tendering a proposed complaint or notice of removal for review by this Court prior to filing.

## IV.  CONCLUSION

Accordingly, for these reasons and those set forth in the Court's Nov. 4 and Dec. 5, 2025 Orders, this case is **REMANDED** to the Fairfield County Municipal Court. Mr. Williams' recusal request (ECF No. 3) is **DENIED** and his motion to proceed *in forma pauperis* (ECF No. 6) is **DENIED as moot**.

Further, Mr. Williams is **DEEMED A VEXATIOUS LITIGATOR** and **ENJOINED** from filing any new complaints or notices of removal without either (i) submitting a statement from an attorney licensed to practice in this Court or the State of Ohio certifying that the complaint or notice of removal is non-frivolous, or (ii) tendering a proposed complaint or notice of removal for review by this Court prior to filing.

The Clerk is **DIRECTED** to **TERMINATE** this case.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**